IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CHAD KISTER,

        Plaintiff,

    vs.                                 Civil Action 2:12-CV-572
                                             Judge Marbley
                                             Magistrate Judge King

PAT KELLY, ATHENS COUNTY
SHERIFF, *et al.*,

        Defendants.


## ORDER and REPORT AND RECOMMENDATION

      This matter is before the Court on plaintiff's motion for leave to proceed *in forma pauperis.* Doc. No. 1. Upon consideration, the Court finds the motion is meritorious and, therefore, it is **GRANTED**. **IT IS ORDERED THAT** plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render service in this action shall do so as if the costs had been prepaid. However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e), it is recommended that certain claims be dismissed.

      The allegations of the *Complaint* are not entirely clear. Plaintiff appears to allege, first, that certain individuals broke into his apartment or intercepted his telephone calls. Plaintiff demanded that the defendant Athens County Sheriff, several of his deputies, and an Upper Arlington Police Lieutenant arrest these individuals, but his requests were refused. A private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S.*

*v. Richard D.,* 410 U.S. 614, 619 (1973). *See also Leake v. Timmerman,* 454 U.S. 83, 86-87 (1981); *Peek v. Mitchell*, 419 F.2d 575 (6th Cir. 1970); *Bond v. Thornburgh*, 891 F.2d 289 (Table), 1989 WL 149981 (6th Cir. December 12, 1989). The claims against Pat Kelly, the Athens County Sheriff, defendants Bruce Fick, Jack E. Taylor, Brian Cooper and Rodney Smith, officers of the Athens County Sheriff's Office, and Ernie Ankrom, a Lieutenant of the Upper Arlington Police Department, cannot proceed. Moreover, because it appears that plaintiff names Athens County, Ohio, and the Upper Arlington Police Department as defendants only in connection with his demand that other individuals be arrested or prosecuted, the claims against these entities also cannot proceed.

The *Complaint* also appears to allege claims against Tri-County Mental Health and Counseling and Margaret Sterling and against Dr. Reddy Vaka and Jane Krason of the Athens Behavioral Healthcare in connection is an apparent involuntary hospitalization of plaintiff. Although the precise nature of plaintiff's claims in this regard are not clear, the Court concludes that at this juncture the action may proceed on those claims.

It is therefore **RECOMMENDED** that all claims except the claims against Tri-County Mental Health and Counseling and Margaret Sterling and against Dr. Reddy Vaka and Jane Krason of the Athens Behavioral Healthcare in connection is an apparent involuntary hospitalization of plaintiff be dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim for relief.

As to the claims against Tri-County Mental Health and Counseling and Margaret Sterling and against Dr. Reddy Vaka and Jane Krason of the Athens Behavioral Healthcare in connection is an apparent

2

involuntary hospitalization of plaintiff, the United States Marshal Service is **DIRECTED** to effect service of process by certified mail. Defendants may have 45 days after service of process to respond to the *Complaint.*

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 25, 2012                          s/Norah McCann King
  (Date)                              Norah M<sup>c</sup>Cann King
                                United States Magistrate Judge