**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHAD KISTER,**

**Plaintiff,**

**vs.**

**Civil Action 2:12-CV-572**
**Judge Marbley**
**Magistrate Judge King**

**PAT KELLY, ATHENS COUNTY SHERIFF, *et al.*,**

**Defendants.**

**OPINION AND ORDER**

This matter is before the Court on plaintiff's motion to amend the *Complaint* ("*Plaintiff's Motion to Amend*"), Doc. No. 21, in which plaintiff seeks to add the Southeast Ohio Regional Jail as a defendant. For the reasons that follow, *Plaintiff's Motion to Amend* is **DENIED**.

*Plaintiff's Motion to Amend* is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy,* 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or

dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Accordingly, a complaint must be dismissed – and amending a complaint is futile – if the complaint does not plead "enough facts to state a claim to relief that is plausible on its

face." *Id.* at 570.

*Plaintiff's Motion to Amend* seeks to add the Southeast Ohio Regional Jail as a defendant, but the proposed *Amended Complaint*, Doc. No. 21-1, appears to be an exact copy of his original *Complaint*, Doc. No. 1-2. The allegations in the proposed *Amended Complaint* do not mention the Southeast Ohio Regional Jail. To the extent that any allegation may involve the Southeast Ohio Regional Jail, plaintiff's claims appear to be premised on a violation of 28 U.S.C. § 1983. Municipal departments, such as jails, however, are not "persons" subject to suit under § 1983. *See e.g., Marbry v. Corr. Med. Servs.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983) (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)). Consequently, plaintiff has failed to present a colorable claim against the Southeast Ohio Regional Jail and plaintiff's proposed amendment is futile.

*Plaintiff's Motion to Amend*, Doc. No. 21, is therefore **DENIED.**

November 16, 2012

s/Norah McCann King
Norah McCann King
United States Magistrate Judge