IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**CHAD KISTER,**

        **Plaintiff,**

   **vs.**                                                Civil Action 2:12-CV-572
                                                                 Judge Marbley
                                                                 Magistrate Judge King

**PAT KELLY, ATHENS COUNTY
SHERIFF,** *et al.***,**

        **Defendants.**


## OPINION AND ORDER

On July 25, 2012, the Magistrate Judge issued a *Report and Recommendation*, Doc. No. 2, recommending that all claims except the claims against Tri-County Mental Health and Counseling ("Tri-County") and Margaret Sterling and against Dr. Reddy Vaka and Jane Krason of the Athens Behavioral Healthcare ("ABH") be dismissed for failure to state a claim for relief.  This matter is before the Court on plaintiff's objections, *Response to Recommendation to Dismiss Claims Against Police* ("*Plaintiff's Objections*"), Doc. No. 17, and defendants Tri-County and Margaret Sterling's objections to that recommendation. *Objections to Magistrate's Order and Report and Recommendation of Defendants Tri-County Mental Health and Counseling and Margaret Sterling* ("*Defendants' Objections*"), Doc. No. 8.[1]  For the reasons that follow, *Plaintiff's Objections* are **GRANTED** in part and **DENIED** in part. *Defendants' Objections* are **GRANTED** in part and **DENIED** in part.

---

[1]Certain defendants have filed a response to plaintiff's objections. Doc. No. 20.

**I. Allegations in the *Complaint***

The allegations in the *Complaint* are not entirely clear. Plaintiff appears to allege that certain individuals broke into his residence and intercepted his telephone calls. *Complaint*, Doc. No. 4, ¶¶ 14, 16, 27. Plaintiff demanded that defendant Athens County Sheriff, several of his deputies and an Upper Arlington Police Lieutenant arrest these individuals, but his requests were refused. *Id.* at ¶¶ 15, 17, 60-64.

Plaintiff alleges that a SWAT team (also identified as the "Athens County Sheriffs") stormed his property on July 29, 2011 with their guns drawn and arrested him. *Id.* at ¶¶ 31-32, 36, 43, 45, 63. According to plaintiff, he was arrested in retaliation for exercising his First Amendment rights and because of his prior successful lawsuits against police agencies. *Id.* at ¶¶ 56, 62-63. The charges against plaintiff were dismissed in June 2012. *Id.* at ¶ 63.

Plaintiff also seems to allege that, after he was arrested in July 2011, he was evaluated by Dr. Reddy Vaka, "pink-slip[ped]" by Margaret Sterlin, and involuntarily committed to ABH for 13 days, where he was subjected to violations of his First, Fourth, Eighth, and Fourteenth Amendment rights. *Id.* at ¶¶ 31-34, 37, 41-43, 48. Plaintiff alleges, *inter alia*, that while at ABH, he was blackmailed into taking medication, was refused medical treatment for an inguinal hernia, was prevented from using the internet or email, was hit in the head, was unable to live in a way that kept his greenhouse gas emissions low, was unable to practice his religion, which requires daily walks through the forest, and was subjected to invasions of his

2

privacy. *Id*. at ¶¶ 38, 39, 41, 42, 48-54. Plaintiff maintains that these actions were taken by defendants in retaliation for his successful prio lawsuits against police agencies and flowed from his wrongful arrest. *Id*. at ¶¶ 31-32, 34, 37, 54.

## II. Plaintiff's Objections

Plaintiff asserts several assignments of error. Each will be discussed in turn.

Plaintiff's first assignment of error contends that the Magistrate Judge erred in recommending the dismissal of plaintiff's false arrest and malicious prosecution claims. *Plaintiff's Objections*, pp. 2-4. The *Report and Recommendation* does not specifically address plaintiff's false arrest or malicious prosecution claims. Although the precise nature of plaintiff's claims in this regard are not clear, the Court concludes that at this juncture the action may proceed on those claims.[2]

Plaintiff's second assignment of error contends that the Magistrate Judge erred in recommending the dismissal of plaintiff's § 1983 civil conspiracy claim. *Plaintiff's Objections*, pp. 4-5. A

---

[2] Although plaintiff seems to allege false arrest and malicious prosecution claims simultaneously, the two are "entirely distinct" from one another. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). To establish a constitutional claim of false arrest under the Fourth Amendment, a plaintiff must show that no probable cause existed for the arrest. *See Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). To succeed on a malicious prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove that (1) a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty as understood in Fourth Amendment jurisprudence, apart from the initial seizure, and (4) the criminal proceeding was resolved in the plaintiff's favor. *See Sykes*, 625 F.3d at 308-09.

3

civil conspiracy claim requires allegations that there was a single plan to deprive someone of his constitutional rights, that each conspirator agreed to the plan, and that at least one overt act was carried out to further the object of the conspiracy. *See Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). "'It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Id*. (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). The *Complaint*, even when viewed in the light most favorable to plaintiff, does not satisfy this pleading standard. Plaintiff has simply failed to plead the existence of a single plan among defendants (or any combination thereof) to deprive plaintiff of his constitutional rights. Plaintiff has therefore failed to state a colorable § 1983 civil conspiracy claim.

Plaintiff's third assignment of error seems to contend that the Magistrate Judge erred in recommending the dismissal of plaintiff's claims against Pat Kelly, the Athens County Sheriff, defendants Bruce Fick, Jack E. Taylor, Brian Cooper and Rodney Smith, deputies of the Athens County Sheriff's Office, and Ernie Ankrom, a Lieutenant of the Upper Arlington Police Department, for failure to prosecute other individuals. *Plaintiff's Objections*, pp. 5-7. It is well settled that a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 63 (1986) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Accordingly, plaintiff's claims based on a failure to prosecute cannot proceed. Moreover, because it appears that plaintiff

4

names defendants Ernie Ankrom, Athens County, Ohio, and the Upper Arlington Police Department only in connection with his demand that other individuals be arrested or prosecuted, all claims against these defendants are foreclosed

**III. Defendants' Objections**

Defendants Tri-County and Margaret Sterling object to the *Report and Recommendation,* arguing that the claims asserted against them should be dismissed. Defendants first argue that they are immune from liability under O.R.C. § 5122.34. *Defendants' Objections*, pp. 1-2.

Ohio Revised Code § 5122.34 provides in relevant part:

> (A) Persons, including, . . . mental health services and community mental health agencies, acting in good faith, either upon actual knowledge or information thought by them to be reliable, who procedurally or physically assist in the hospitalization or discharge, determination of appropriate placement, or in judicial proceedings of a person under this chapter, do not come within any criminal provisions, and are free from any liability to the person hospitalized or to any other person.

O.R.C. § 5122.34(A). Application of immunity under the statute requires proof that Ohio's statutory procedures governing involuntary admission of persons, O.R.C. § 5122.05, and for the administration of antipsychotic medication, O.R.C. § 5122.271, were followed. *See Ellison v. Univ. Hosp. Mobile Crisis Team*, 108 F. App'x 224, 227 (6th Cir. 2004) (citing *Estates of Morgan v. Fairfield Family Counseling Ctr.*, 673 N.E. 2d 1311, 1327 (Ohio 1997), *superseded on other grounds by* O.R.C. § 5122.34(B)); *Zukowski v. Germain*, No. 2:09-cv-662, 2010 U.S. Dist. LEXIS 122174, at *20-21 (S.D. Ohio Nov. 18, 2010). It is not evident from the face of the *Complaint*, and defendants do not argue, that Ohio's statutory schemes were followed. Even if § 5122.34

5

were applicable to claims under § 1983, defendants have not established that they are entitled to immunity under § 5122.34(A) at this stage of the proceedings.

These defendants also argue that plaintiff's claims against them are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because these claims "solely challenge the validity of [plaintiff's] confinement without first having it set aside." *Id*. at 2-4. Defendants ask that the Court take judicial notice of *Kister v. Henry*, 2:12-cv-119, 2012 WL 604279 (S.D. Ohio Feb. 24, 2012), in which plaintiff's claims, which defendants allege are "nearly identical" to those in the present case, were dismissed. *Id*.

Plaintiff's claims against defendants Tri-County and Sterling do not "solely" challenge the validity of his confinement. *See Complaint*, ¶¶ 39, 41, 42, 48-54. Plaintiff's claims challenging the conditions of his confinement may proceed. To the extent that they challenge the validity of his confinement, however, plaintiff's claims cannot proceed in this action.

Under *Heck* and its progeny, a state prisoner cannot state a cognizable claim under § 1983 "if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003) (citing *Heck*, 512 U.S. at 486–87). The rule in *Heck* is not limited to claims challenging the validity of criminal convictions. *See Huftile*

*v. Miccio-Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying *Heck* to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); *Von Flowers v. Wis. Dep't of Health & Family Servs.*, 58 F. App'x 649, 651 (7th Cir. 2003) ("[Plaintiff] cannot sue for damages under § 1983 for his allegedly unconstitutional confinement, or for other harm caused by actions whose unlawfulness would render his commitment invalid, until that commitment has been declared invalid through the proper channels.") (citing *Heck*, 512 U.S. at 486-87). Plaintiff seeks monetary damages arising out of his civil commitment and the *Complaint* does not allege that his commitment has been set aside. *Complaint*, p. 14. To this extent, then, the *Complaint* fails to state a claim under *Heck*.

Pursuant to 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of the *Report and Recommendation* and the objections thereto. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, *Plaintiff's Objections*, Doc. No. 17, are **GRANTED** in part and **DENIED** in part. *Defendants' Objections*, Doc. No. 8, are **GRANTED** in part and **DENIED** in part. The *Report and Recommendation*, Doc. No. 2, is **MODIFIED** as follows:

Plaintiff may proceed on his false arrest and malicious prosecution claims.

Plaintiff's claims for monetary damages in connection with the validity of his confinement are **DISMISSED**.

All claims against Ernie Ankrom, Athens County, Ohio, and the Upper Arlington Police Department are **DISMISSED**.

In all other respects, the *Report and Recommendation,* Doc. No.

2, is **ADOPTED** and **AFFIRMED**.

                                                             <u>s/Algenon L. Marbley</u>
                                                             Algenon L. Marbley
                                                             United States District Judge