## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

CHAD KISTER,               :

            :      **Case No. 2:12-cv-00572**

        **Plaintiff,**        :

            :      **JUDGE ALGENON L. MARBLEY**

    **v.**                 :

            :

**PAT KELLY, ATHENS COUNTY**    :

**SHERIFF,** *et al.*,           :      **Magistrate Judge King**

            :

       **Defendants.**        :

## OPINION & ORDER

## I.     INTRODUCTION

This matter is before the Court on the Motion for Summary Judgment of Defendants, Margaret Sterling and Tri-County Mental Health and Counseling (Doc. 58), Defendants, Reddy Vaka and Jane Krason's Motion for Judgment on the Pleadings, Immunity, and Summary Judgment (Doc. 59), and Motion for Summary Judgment of Defendants, Athens County Sheriff Pat Kelly, Bruce Frick, Jack E. Taylor, Brian Cooper, Rodney Smith, and Athens County, Ohio, (Doc. 60).  For the reasons set forth herein, all three Motions for Summary Judgment are **GRANTED**.  This action is hereby **DISMISSED**.

## II.     BACKGROUND

### A.  Factual Background

This action arises out of involuntary commitment proceedings related to Plaintiff, Chad Kister ("Plaintiff").  Plaintiff, who is proceeding *pro se*, alleges various constitutional violations under § 1983, including claims of inadequate medical treatment, unconstitutional conditions of confinement, and invasion of privacy while at ABH, and malicious prosecution and false arrest. Further, Plaintiff asserts that various Defendants subjected him to unconstitutional conditions of

confinement during his involuntary commitment at Athens Behavioral Healthcare. Plaintiff seeks monetary damages pursuant to 42 U.S.C. § 1983.

*1. Events Leading to Plaintiff's Involuntary Commitment*

Plaintiff alleges that, during 2010, certain individuals broke into his residence and intercepted his telephone calls. (*Compl*, Doc. 4, ¶¶ 14, 16, 27). Plaintiff claims that he demanded that Defendant Pat Kelly, the Athens County Sheriff, several of his deputies, and an Upper Arlington Police Lieutenant arrest these individuals, but his requests were refused. (*Id*. at ¶¶ 15, 17, 60-64).

On June 14, 2011, Athens County Detective Jack Taylor, Sheriff Kelly, and Captain Bryan Cooper heard Plaintiff call into a local radio station, FM 107.7, and state on air that "Sheriff Kelly…lost his privilege to be alive. He needs capital punishment. I am going to take him down." (*Taylor Aff.*, Doc. 60-1 at ¶ 5). Detective Taylor asserts that Plaintiff made additional statements accusing Sheriff Kelly of murdering him by personally placing an implant into Plaintiff's brain and concluded by stating "Adolf Kelly, you are going down." (*Id*.). Detective Taylor also avers that he became aware that Plaintiff called Sheriff Kelly directly on the same day he made comments on the radio show and made additional aggressive statements. (*Id*. at ¶ 6). Based on Plaintiff's comments on the radio show and his call to Sheriff Kelly, Detective Taylor, Sheriff Kelly, and Captain Cooper believed there was probable cause to charge Plaintiff with "Aggravated Menacing" under Ohio Revised Code § 2903.21(A). (*Id*. at ¶ 8).

On June 15, 2011, Detective Taylor prepared a criminal complaint charging Plaintiff with Aggravated Menacing and a "Request and Affidavit for Arrest Warrant," requesting a warrant to arrest Plaintiff for the charges in the complaint. (*Id*. at ¶ 11). That same day, the Athens County Prosecutor approved the request, and Athens County Municipal Court Judge William Grimm

2

signed a Warrant on Complaint for Plaintiff's arrest.  (*Id*. at ¶ 12).  On June 17, 2011, members

of the Athens County Sheriff's Department ("ACSO"), including ACSO Deputy Ryan Gillette,

proceeded to Plaintiff's residence and placed Plaintiff in custody.  (*Gillette Aff.*, Doc. 60-2, at ¶¶

5-9).  According to Deputy Gillette, the arrest was "peaceable" and Plaintiff was taken into

custody without the use of force.  (*Id*. at ¶ 9).

On July 29, 2011, just over a month after Plaintiff's first arrest for Aggravated Menacing,

Plaintiff again called into the same FM 107.7 radio show.  Detective Taylor asserts that, during

this call, Plaintiff told Sharon Elliott, who apparently is a radio station employee, that she was

not taking him seriously and that he hoped she would be robbed and killed.  (*Taylor Aff.*, Doc.

60-1, at ¶ 15).  Thereafter, Ms. Elliott contacted ACSO and said she believed Plaintiff's

statements were threats intended to cause her physical harm.  (*Id*. at ¶ 16).  Detective Taylor

determined that, based on Plaintiff's statements, he again was in violation of O.R.C. § 2903.21

for Aggravated Menacing.  On that same day, an arrest warrant was issued again by Judge Grim

and Plaintiff was arrested at his residence by ACSO deputies.  (*Id*. at ¶ 20).  This arrest was also

made without incident or injury.  (*Gillette Aff*, Doc. 60-2, at ¶ 17).

While Plaintiff was in custody, the Athens County Sheriff's Department contacted

Defendant Margaret Sterling, Licensed Practicing Clinical Counselor and Crisis Pre-screener at

Tri-County Mental Health and Counseling ("Tri-County") and asked her to perform a

psychological screening on Plaintiff to determine if he presented a danger to himself or others

and if he should be involuntarily placed in a psychiatric hospital.  (*Sterling Aff.*, Doc. 58-1, at ¶¶

6-7).  Sterling claims she met with Plaintiff at the Athens County Sheriff's Office and performed

a "psychological prescreening": a risk assessment and mental status exam focused on

determining whether the person appears oriented, confused, or suicidal.  (*Id*. at ¶ 8).  During the

3

prescreening, Sterling found that Plaintiff exhibited bizarre behavior. (*Id.* at ¶ 10). She ultimately concluded that Plaintiff represented a danger to himself or others, and thus should be referred to Athens Behavioral Healthcare ("ABH"), a mental health hospital run and operated by the Ohio Department of Mental Health and Addiction Services (*see McGee Aff.*, Doc. 59-2, ¶ 3), for further observations. (*Id.*). Plaintiff refers to this action as "being pink-slipped." (*Compl.*, Doc. 4 at ¶13).

Following the mental evaluation, Plaintiff was transported to ABH and turned over to the custody of ABH staff. (*Gillette Aff*, Doc. 60-2 at ¶¶ 15-16). After Sterling signed the pink-slip advising that Plaintiff be involuntary committed, she claims neither she, nor Tri-County, had any further involvement with Plaintiff or Plaintiff's confinement at Appalachian Behavioral Health. (*Sterling Aff.*, Doc. 58-1 at ¶¶ 11-12).

### 2. *Plaintiff's Confinement*

Plaintiff alleges that, during his thirteen day involuntary commitment at ABH, he was subjected to violations of his First, Fourth, Eighth, and Fourteenth Amendment rights. (*Compl.*, Doc. 4, at ¶¶ 31-34, 37, 41-43, 48). Specifically, he claims that he was blackmailed into taking medication; that he was prevented from making phone calls and/or that his phone calls were intercepted; that he was prevented from using the internet or email, which caused difficulty in operating his business; that he was hit in the head by a fellow patient and ABH did not adequately respond; that he was unable to live in a way that kept his greenhouse gas emissions low; that he was unable to practice his religion, which requires daily walks through the forest; that he was unable to get filtered water; and that he was subjected to invasions of his privacy. (*Id.* at ¶¶ 38, 39, 41, 42, 48-54). In addition, Plaintiff alleges that while at ABH, he was given inadequate medical care for his inguinal hernia. Plaintiff maintains that these actions were taken

by Defendants in retaliation for his criticism of Sheriff Kelly and his successful prior lawsuits against police agencies, and that these actions flowed from his wrongful arrest. (*Id*. at ¶¶ 31-32, 34, 37, 54).

Plaintiff's Complaint names only two Defendants who were employed at ABH at the time of the involuntary commitment at issue in this action: Dr. Reddy Vaka, an ABH Psychiatrist, and Jane Krason, Director of ABH.

### B. Procedural Background

Plaintiff initiated this action in June 2012, and sought leave to proceed *in forma pauperis*. Plaintiff's Complaint alleges various constitutional violations under § 1983, including allegations of inadequate medical treatment and unconstitutional conditions of confinement at ABH under the Eighth Amendment, and claims of malicious prosecution and false arrest. (*Compl*., Doc. 4 at ¶¶ 31-34, 37, 41-43, 48, 57, 63).

The Magistrate Judge granted Plaintiff's request to proceed *in forma pauperis*, and conducted an initial screening of the case. In its July 25, 2012 Report and Recommendation (Doc. 2), the Magistrate Judge recommended dismissal of Plaintiff's claims against Sheriff Kelly, Defendants Bruce Fick, Jack E. Taylor, Brian Cooper and Rodney Smith, ASCO officers, Ernie Ankrom, a Lieutenant of the Upper Arlington Police Department, and Athens County, Ohio for their alleged failure to prosecute the individuals who Plaintiff claims broke into his home, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (holding that a private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another."). The Magistrate Judge allowed Plaintiff's claims against Margaret Sterling and her employer Tri-County, and against Dr. Reddy Vaka and Jane Krason, employees of Athens Behavioral

Healthcare, in connection with Plaintiff's involuntary hospitalization to proceed. Defendants Sterling, Vaka, and Krason are each sued in both their individual and official capacities.

In this Court's November 29, 2012 Opinion and Order (Doc. 25), this Court found that the Magistrate Judge's Report and Recommendation did not specifically address Plaintiff's false arrest or malicious prosecution claims. Thus, "[a]lthough the precise nature of plaintiff's claims in this regard are not clear, the Court concludes that at this juncture the action may proceed on … [plaintiff's] false arrest and malicious prosecution claims." (Doc. 25 at 3). Further, this Court dismissed Plaintiff's claims for monetary damages in connection with lawfulness of his involuntary confinement pursuant to the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). This Court also dismissed all claims against Ernie Ankrom, Athens County, Ohio, and the Upper Arlington Police Department. In all other respects, the Magistrate Judge's Report and Recommendation, was adopted and affirmed.

On March 13, 2014, Defendants Margaret Sterling and Tri-County Mental Health and Counseling filed a joint Motion for Summary Judgment, (Doc. 58). On that same day, Defendants Dr. Reddy Vaka and Jane Krason filed a Motion for Judgment on the Pleadings, Immunity, and Summary Judgment, (Doc. 59). On March 15, 2014, Defendants Brian Cooper, Bruce Fick, Rodney Smith, Jack E. Taylor, Athens County Sheriff Pat Kelly, and Athens County, Ohio, filed a joint Motion for Summary Judgment, (Doc. 60). All three motions have been fully briefed and, thus, these matters are now ripe for review.

### III.     STANDARDS OF REVIEW

#### A. Judgment on the Pleadings

A motion for judgment on the pleadings may be made "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed.R.Civ.P. 12(c). A motion for judgment on

the pleadings under Rule 12(c) attacks the sufficiency of the pleadings and is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6).  *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).  "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."  *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).

Under Rule 12(b)(6), and thus 12(c), the Court must construe the complaint in the light most favorable to the nonmoving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *Murphy v. Sofamor Danek Gp., Inc.*, 123 F.3d 394, 400 (6th Cir.1997).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss.  *Allard v. Weitzma*n, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted).  While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 544, 127 S.Ct. at 1964.  A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief."  *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556, 127 S.Ct. 1955).

Thus, a complaint will be dismissed pursuant to Rule 12(c) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face

of the complaint there is an insurmountable bar to relief.  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976); *Cmty. Mental Health Serv. V. Mental Health & Recovery Bd.*, 395 F.Supp.2d 644, 649 (S.D.Ohio 2004).

## B.  Summary Judgment

Federal Rule of Civil Procedure 56 provides, in relevant part, that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56.  A fact is deemed material only if it "might affect the outcome of the lawsuit under the governing substantive law." *Wiley v. United States,* 20 F.3d 222, 224 (6th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, (1986)).  The nonmoving party must then present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.,* 8 F.3d 335, 339-40 (6th Cir.1993).  The suggestion of a mere possibility of a factual dispute is insufficient to defeat a motion for summary judgment.  *See Mitchell v. Toledo Hospital,* 964 F.2d 577, 582 (6th Cir.1992).  Summary judgment is inappropriate, however, "if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

The necessary inquiry for this Court is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson,* 477 U.S. at 251-52).  In evaluating such a motion, the evidence must be viewed in the

light most favorable to the nonmoving party.  *United States S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir.2013).  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient to survive the motion; there must be evidence on which the jury could reasonably find for the opposing party.  *See Anderson,* 477 U.S. at 251; *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir. 1995).

### C.  Pro Se Litigants

As the Sixth Circuit has recognized, "pro se litigants are to be afforded liberal construction of their pleadings and filings."  *Yagley v. Occupational Safety & Health Admin., U.S. Dep't of Labor*, 461 F. App'x 411, 414 (6th Cir. 2012).  Nonetheless, "the lenient treatment generally accorded to pro se litigants has limits…."  *Geboy v. Brigano*, 489 F.3d 752, 766 (6th Cir. 2007) (internal quotations omitted).  Indeed, "Plaintiff's status as a pro se litigant does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the local Rules for this District."  *Longino v. City of Cincinnati*, No. 1:12-cv-424, 2013 WL 831738, at *2 (S.D. Ohio Mar. 6, 2013).

### IV.        ANALYSIS

Defendants Margaret Sterling and Tri-County Mental Health and Counseling ("Tri-County") move for summary judgment asserting that neither Sterling nor Tri-County were involved with Plaintiff's conditions of confinement, they are not state actors for the purpose of § 1983, and they are entitled to statutory immunity for Plaintiff's claims.  (Doc. 58 at 1).

Defendants Dr. Reddy Vaka and Jane Krason move for judgment on the pleadings, asserting that Plaintiff failed to state a claim against either of them based on his conditions of confinement at Appalachian Behavioral Health ("ABH").  In the alternative, Defendants Vaka and Krason argue that they are entitled to total immunity under the Eleventh Amendment for

actions taken in their official capacities and qualified immunity for actions taken in their individual capacities. (Doc. 59 at 6-7). Defendants Vaka and Krason also move for summary judgment, claiming that Plaintiff does not satisfy his burden for a claim of inadequate medical care under the Eighth Amendment. (*Id*. at 14).

Defendants Bruce Frick, Jack E. Taylor, Brian Cooper, Rodney Smith, Athens County Sheriff Pat Kelly, and Athens County, Ohio (collectively, the "Athens County Defendants") move for summary judgment on Plaintiff's claims for false arrest and malicious prosecution, claiming: (1) on both June 17, 2011 and July 29, 2011, Plaintiff was arrested pursuant to facially valid warrants; and (2) even without facially valid arrest warrants, the Athens County Defendants had probable cause to arrest Plaintiff.

The Court will address each of these motions and corresponding arguments *seriatim*.

## A. Motion for Summary Judgment of Defendants Margaret Sterling and Tri-County Mental Health and Counseling

This Court has already dismissed Plaintiff's claims contesting the lawfulness of his involuntary confinement because Plaintiff's Complaint did not allege that his commitment has been set aside, as required under *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] (Doc. 25 at 6).

---

[1] In this Court's November 29, 2012 Opinion and Order, this Court dismissed all of Plaintiff's claims attacking the lawfulness of his commitment: "Plaintiff's claims challenging the conditions of his confinement may proceed. To the extent that they challenge the validity of his confinement, however, plaintiff's claims cannot proceed in this action." (Doc. 25 at 6). This Court reasoned:

> Under Heck and its progeny, a state prisoner cannot state a cognizable claim under § 1983 "if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement until such time that the conviction is reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005–06 (6th Cir. 2003) (*citing Heck*, 512 U.S. at 486–87). The rule in Heck is not limited to claims challenging the validity of criminal convictions. *See Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying *Heck* to a § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); *Von Flowers v. Wis. Dep't of Health & Family Servs.*, 58 F. App'x 649, 651 (7th Cir. 2003) ("[Plaintiff] cannot sue for damages under § 1983 for his allegedly unconstitutional confinement, or for other harm caused by actions whose unlawfulness would render his commitment invalid, until that commitment has been declared invalid through the proper channels.") (*citing Heck*, 512 U.S. at 486–87). Plaintiff seeks monetary damages arising out of his civil commitment and the Complaint

Consequently, the only potential claims remaining from Plaintiff's Complaint that he could bring against Defendant Sterling or Defendant Tri-County is a § 1983 claim based on the conditions of confinement at ABH.  (*Id.*).

Defendants Sterling and Tri-County support their Motion for Summary Judgment with an Affidavit submitted by Defendant Sterling.  In the Affidavit, Defendant Sterling avers that neither she, nor her employer Tri-County, were involved in the conditions of Plaintiff's confinement at ABH.  (*Sterling Aff.*, Doc. 58-1, at ¶¶ 11-12).  Indeed, Defendant Sterling avers that, after she conducted a psychological prescreening on Plaintiff at the ACSO station and concluded, by signing the "pink-slip," that Plaintiff should be involuntarily committed, neither she nor Tri-County had any involvement whatsoever with Plaintiff.  (*Id.*).

In his response to Defendant Sterling and Tri-County's request for summary judgment, Plaintiff presents no evidence or assertions of either of the Defendants' involvement in his allegedly unconstitutional conditions of confinement.  (*See generally* Doc. 64).  Instead, the only arguments Plaintiff puts forth that are related to Defendant Sterling or Tri-County are about why he believes Defendant Sterling conducted a flawed pre-screening and why he should not have been "institutionalized."  (*Id.*).  Such arguments relate only to the lawfulness of Plaintiff's confinement, a claim which this Court already has foreclosed in its prior Opinion and Order. (*See* Doc. 25 at 6).

A movant for summary judgment meets its initial burden "by showing…that there is an absence of evidence to support the nonmoving party's case." *Dixon v. Anderson*, 928 F.2d 212,

---

does not allege that his commitment has been set aside. Complaint, p. 14. To this extent, then, the Complaint fails to state a claim under *Heck*.

(*Id.*). Accordingly, based on this Court's November 29, 2012 Opinion and Order, in conjunction with the Magistrate Judge's July 25, 2012 Report and Recommendation, the only possible remaining claims against Defendants Sterling and Tri-County pertain to Plaintiff's conditions of confinement.

216 n. 5 (6th Cir.1991) (internal citations omitted). In other words, the movant bears the burden to show "the absence of a genuine dispute as to a material fact." *Automated Solutions Corp. v. Paragon Data Sys., Inc.,* 756 F.3d 504, 520 (6th Cir.2014) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). At that point, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Id.* (quoting Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Automated Solutions Corp.*, 756 F.3d at 520 ("The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists a genuine issue for trial.") (internal citations omitted). Indeed, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In this case, movants have met their burden by coming forth with evidence that neither Defendant Sterling nor Tri-County were involved in the conditions of Plaintiff's confinement. Plaintiff has not responded with any, let alone enough, evidence to show that there exists a genuine issue for trial. Accordingly, even when viewing all evidence and inferences in the light most favorable to the nonmovant, and when viewing Plaintiff's pleadings with leniency appropriately afforded to pro se litigants, this Court cannot say that a reasonable jury could find for Plaintiff.

Because this Court finds that there is no genuine issue of material fact as to whether Defendant Sterling or Defendant Tri-County violated Plaintiff's constitutional rights related to the conditions of his confinement at ABH, the Court need not address the movant's alternative arguments regarding whether either party is properly considered a "state actor" under § 1983 or whether the movants are entitled to state law immunity under Ohio Revised Code § 5122.34.

**B.  Motion for Judgment on the Pleadings, Immunity, and Summary Judgment by Defendant Reddy Vaka and Defendant Jane Krason**

This matter is also before the Court for consideration of Defendants Reddy Vaka and Jane Krason Motion for Judgment on the Pleadings, Immunity, and Summary Judgment. Plaintiff claims that he was subjected to unconstitutional conditions of confinement and that he was denied adequate medical care during his confinement at ABH.  Defendants assert that Plaintiff failed to state a claim based on his conditions of confinement and, in the alternative, invoke absolute and qualified immunity.  Further, Defendants assert that the ABH medical staff was not deliberately indifferent to Plaintiff's medical needs, and therefore move for summary judgment on Plaintiff's claim of inadequate medical care under the Eighth Amendment.  (*Id*. at 14).

*1.  Plaintiff's Conditions of Confinement*

Plaintiff challenges several conditions of his confinement at ABH as violations of his First, Fourth, Eighth, and Fourteenth Amendment rights.  (*Compl*., Doc. 4, at ¶¶ 31-34, 37, 41-43, 48).  Specifically, he claims that he was blackmailed into taking medication; that he was prevented from making phone calls and/or that his phone calls were intercepted; that he was prevented from using the internet or email, which caused difficulty in operating his business; that he was hit in the head by a fellow patient and ABH did not adequately respond; that he was unable to live in a way that kept his greenhouse gas emissions low; that he was unable to practice his religion, which requires daily walks through the forest; that he was unable to get filtered water; and that he was subjected to invasions of his privacy.  (*Id*. at ¶¶ 38, 39, 41, 42, 48-54).

13

a.  <u>Failure to State a Claim</u>

As this Court has previously explained in another case involving Plaintiff,

> Generally, an action will be dismissed pursuant to Rule 12(b)(6) "if on the face of the complaint there is an insurmountable bar to relief." *Gascho v. Global Fitness Holdings, LLC,* 863 F.Supp.2d 677, 690 (S.D.Ohio 2012). One insurmountable bar to relief is the failure to meet minimum pleading standards. According to Rule 8(a)(2), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Supreme Court has laid out a "two-pronged approach" for determining facial plausibility. *Iqbal,* 556 U.S. at 679. First—"begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Second— focus on the remaining "well-pleaded factual allegations" to "determine whether they plausibly give rise to an entitlement to relief." *Id.*
>
> Several considerations guide whether a complaint meets the facial-plausibility standard. On one hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Further, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. On the other hand, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557). When making this determination, a court must construe the claim at issue in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir.2008) (citations omitted).

*Kister v. Appalachian Behavioral Health Care*, No. 2:13-CV-00071, 2014 WL 272467, at *4

(S.D. Ohio Jan. 23, 2014) (Sargus, J).  Because a judgment on the pleadings reviewed under the

same standard applicable to a motion to dismiss under Rule 12(b)(6), *Ziegler v. IBP Hog Mkt.*,

249 F.3d 509, 511-12 (6th Cir. 2001), the analysis set out in *Kister v. Appalachian Behavioral*

*Health Care* is appropriate in this case.

Plaintiff is obligated to allege, with a minimum level of specificity, the extent of each

individual Defendants' involvement in his case.  For example, Plaintiff must allege that the

14

individual Defendants "in some ... way directly participated in" the alleged conduct upon which he bases his claims. *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341. 349 (6th Cir. 2007). Moreover, the Sixth Circuit has held that "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir.2004).

Even when viewing Plaintiff's Complaint in the light most favorable to him, he fails to allege that the individual Defendants – Vaka and Krason – had any role in the alleged violation of his constitutional rights while at ABH. Plaintiff does not charge Vaka or Krason as having caused, or participated in, the conduct any of the conditions of confinement about which he complains. In fact, he does essentially what the court in *Gilmore* prohibited: he lists the Defendants in the caption of his Complaint, states their name and affiliation in the body of the Complaint, and then alleges general constitutional violations throughout the remainder of his Complaint. Without more, the Court cannot "draw the reasonable inference that" either Defendant is "liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff, therefore, fails to meet the pleading standards required by Fed.R.Civ.Pro. 8(a)(2). Accordingly, he fails to state a claim upon which relief can be granted, and Defendants' motion for judgment on the pleadings granted.

Because this Court finds that Defendants Vaka and Krason are entitled to judgment on the pleadings in their individual capacities for Plaintiff's failure to state a claim, the Court need not address Defendants' alternate arguments that they are entitled qualified immunity.

### b.  Eleventh Amendment

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The Supreme Court has determined that this language bars private lawsuits by citizens against their own state.  *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).  Such suits are barred by the Eleventh Amendment unless the state expressly consents to suit, thereby waiving its sovereign immunity.

Further, Eleventh Amendment immunity applies not just to suits against a "State," but also to those against "one of its agencies or departments."  *Pennhurst*, 465 U.S. at 100; *see also Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) ("arm of the state")."  In addition, a suit for monetary damages against an individual in his or her official capacity is to be deemed an action against the state. *Edelman v. Jordan*, 415 U.S. 651 (1974); *see also See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (holding that the Eleventh Amendment barred a *pro se* prisoner's § 1983 action against the prison librarian in her official capacity); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

This Court has previously determined that ABH is "arm of the state entitled to Eleventh Amendment immunity."  *Kister v. Appalachian Behavioral Health Care*, No. 2:13-CV-00071, 2014 WL 272467, at *3 (S.D. Ohio Jan. 23, 2014) (Sargus, J.) (also noting that Ohio state courts and statutes support this conclusion).  Indeed, the Court previously determined that the Eleventh Amendment barred claims against both ABH and its employees in their official capacity.  (*Id*.). The same logic applies in this case.  Therefore, Plaintiff's claims against Defendant Vaka and

16

Defendant Krason, in their official capacities, are barred by the Eleventh Amendment and, thus, are dismissed.

### 2.  *Plaintiff's Medical Care*

In addition to challenging the conditions of his confinement, Plaintiff alleges that while at ABH, he was given inadequate medical care for his inguinal hernia, in violation of the Eighth Amendment.

Defendants contend that the medical treatment Plaintiff received while at ABH was "well within the medical standard of care."  (Doc. 59 at 17).  Defendants submit the affidavit of Dr. Mark McGee, ABH's Chief Clinical Officer, who avers that Plaintiff was examined on two occasions during his thirteen-day stay at ABH for symptoms related to a hernia; that his hernia showed no evidence of strangulation or incarceration that would cause a bowel obstruction; that the hernia was not an immediate threat to his health and did not require immediate surgery; and that Plaintiff was advised to contact a surgeon when he was discharged to discuss having an elective surgical procedure completed if he so desired.  (*McGee Aff.*, Doc. 59-2, ¶ 10-13). Defendant also submitted Plaintiff's medical records attached to Dr. McGee's affidavit which confirms the affidavit's summary of Plaintiff's treatment while at ABH.  (*See id*. at 4-19). The Eighth Amendment protects individuals against cruel and unusual punishment, which includes the rights of those involuntarily committed to mental institutions to be provided with adequate medical care.  *See Jackson v. Schultz,* 429 F.3d 586, 590 (6th Cir. 2005).  The Sixth Circuit applies the same analysis for violations of the Eighth Amendment for inadequate medical care in the context of prisons and mental institutions.  *See Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612 (6th Cir. 2010).

To succeed on an Eighth Amendment claim for inadequate care, the plaintiff must show that the defendant acted with "deliberate indifference to serious medical needs." *Grose v. Corr. Med. Servs., Inc.*, 400 F. App'x 986, 988 (6th Cir. 2010).  The claim has objective and subjective components.  The objective components require proof of a "sufficiently serious medical need." *Id.*  The subjective component requires proof "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he disregarded that risk." *Id*.  Ordinary medical malpractice does not satisfy the subjective component.  *Id*.  Instead, a claim of inadequate medical treatment states a constitutional claim only if the treatment given is "so woefully inadequate as to amount to no treatment at all." *Westlake v. Lucas*, 537 F.2d 857, 860-61 (6th Cir. 1976).

Here, Plaintiff received medical treatment while involuntarily committed. Plaintiff's medical records and Dr. McGee's affidavit, however, do not indicate that Plaintiff's inguinal hernia required emergent care or immediate medical surgery.  Indeed, Dr. McGee informs the Court that an inguinal hernia is only an immediate threat to a patient's health if there is "strangulation or incarceration that would cause a bowel obstruction."  (*McGee Aff*, Doc. 59-2, at ¶ 11).  There is no evidence that Plaintiff had symptoms that would cause the hernia to be an immediate threat to his health in this case, thus a reasonable jury could not find objective proof of a sufficiently serious medical need.

Additionally, even if Plaintiff's medical need could be construed as sufficiently serious, Plaintiff has not met his burden to bring forth evidence demonstrating a genuine issue of material fact as to the subjective prong of the medical indifference claim – that is, "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he disregarded that risk." *Grose*, 400 F. App'x at 988.  There

is no evidence on the record that indicates there was a "substantial risk" to be perceived, let alone that such a risk was in fact inferred by a medical professional treating Plaintiff while he was at ABH.  For these reasons, Plaintiff's claim for inadequate medical treatment is dismissed.

### C.  Motion for Summary Judgment of Defendants Athens County Sheriff Pat Kelly, Bruce Frick, Jack E. Taylor, Brian Cooper, Rodney Smith, and Athens County, Ohio

Plaintiff's Complaint alleges he was falsely arrested and subjected to malicious prosecution.  (*Compl*., Doc. 4 at ¶¶ 57, 63).  Although it is not explicitly stated in the Complaint, this Court presumes Plaintiff intended to assert these claims against the Athens County Defendants.  The Athens County Defendants move for summary judgment on Plaintiff's claims for false arrest and malicious prosecution, claiming: (1) Plaintiff was arrested pursuant to facially valid warrants; and (2) the Athens County Defendants had probable cause to arrest Plaintiff.  (Doc. 60 at 1).

In response, Plaintiff maintains that he did not violate Ohio's Aggravated Menacing statute, and, instead, was arrested for engaging in protected speech.  (Doc. 63 at 7).  He further insists that the arrest warrants, issued on June 16 and July 29, 2011 respectively, were not facially valid because "Plaintiff does not own a car or gun," thus he was not a threat.  (*Id*. at 6-7).  Plaintiff maintains that he was "simply speaking on the phone about his interest in justice" and the arrest warrants were issued in retaliation for Plaintiff's criticism of Sheriff Kelly.  Similarly, Plaintiff claims he was maliciously prosecuted in retaliation for Plaintiff's past lawsuits against the Sheriff and other law enforcement, and Plaintiff's declared intention to sue the Sheriff in the future.  (*Id*. at 16-17).

The Court will address the claims of false arrest and malicious prosecution in turn.

19

*1.  False Arrest*

In the context of a § 1983 action, "[a] false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill.of Timberlake,* 412 F.3d 669, 677 (6th Cir. 2005); *Fridley v. Horrighs,* 291 F.3d 867, 872 (6th Cir. 2002).  "An officer has probable cause when 'the facts and circumstances known to the officer warrant a prudent man in believing that an offense has been committed.'" *Miller v. Sanilac Cnty.,* 606 F.3d 240, 248 (6th Cir. 2010) (quoting *Henry v. United States,* 361 U.S. 98, 102, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959)).  An officer's actions are measured by what a reasonable officer would have done under the same circumstances. *Sandul v. Larion*, 119 F.3d 1250, 1256 (6th Cir. 1997).  In a civil case, the plaintiff has the burden of proving an absence of probable cause. *Fridley*, 291 F.3d at 872.

An arrest made pursuant to a facially valid warrant issued by a neutral and detached magistrate who has determined there is probable cause to issue the warrant is generally a complete defense to a constitutional claim for false arrest or false imprisonment. *Stahl v. Czernik*, 496 F. App'x 621, 624 (6th Cir. 2012) (*citing Baker v. McCollan*, 443 U.S. 137, 143–44, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).  A plaintiff may overcome the complete defense by showing that a defendant intentionally misled or intentionally omitted information from the probable cause hearing for an arrest warrant, if the misleading or omitted information was critical to a finding of probable cause. *See Voyticky*, 412 F.3d at 677 n. 4 ("A facially valid warrant is not always sufficient to merit summary judgment in an action brought pursuant to § 1983 when evidence exists that a defendant intentionally mislead or intentionally omitted information at a probable cause hearing for an arrest or a search warrant provided that the misleading or omitted information is critical to the finding of probable cause. In this case,

however, Plaintiff never alleges, much less offers evidence, that any of Defendants intentionally misled the magistrate or that they omitted material information at the probable cause hearing.") (internal citations omitted).

On both June 17, 2011 and July 29, 2011, Plaintiff was arrested pursuant to arrest warrants issued by Judge Grim of the Athens County Municipal Court.  (*Taylor Aff.*, Doc. 60-1 at ¶¶ 12, 20).  The Athens County Defendants set forth affidavit testimony regarding the issuance of the arrest warrant, as well as the arrest warrants themselves.  (*See generally* Doc. 60-1). Plaintiff, on the other hand, has not put forth any evidence demonstrating that Judge Grimm was not a "neutral and detached" magistrate, challenging the validity of the arrest warrant, or claiming that the Athens County Defendants intentionally misled Judge Grim or omitted critical information from the probable cause hearing or otherwise misrepresented any facts.  *See Voyticky*, 412 F.3d at 677 n. 4.  Further, this Court does not detect any readily-apparent facial deficiency in the warrants in the facts set forth in the warrant requests or the underlying criminal complaints upon which the warrants were based.  Plaintiff argues that the warrants were issued in retaliation for his criticism of Sheriff Kelly and for past law suits he has filed against members of law enforcement.  On summary judgment, however, in response to Defendant's evidence demonstrating that there is no genuine issue of material fact, Plaintiff is obligated to come forward with evidence sufficient to show that there is a genuine issue of material fact for the jury.  Plaintiff has failed to meet his burden here.  Therefore, the Athens County Defendants are entitled to summary judgment on Plaintiff's false arrest claim.

### 2.  *Malicious Prosecution*

Defendants also move for summary judgment on Plaintiff's claim for malicious prosecution.  The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of

malicious prosecution under the Fourth Amendment," which "encompasses wrongful investigation, prosecution, conviction, and incarceration." *Barnes v. Wright,* 449 F.3d 709, 715–16 (2006). In *Sykes v. Anderson,* this Circuit articulated the elements of a § 1983 malicious prosecution claim for the first time. 625 F.3d 294, 308 (6th Cir. 2010). To succeed on a malicious prosecution claim, a plaintiff must prove: (1) that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal case must have been resolved in plaintiff's favor. *Id.* at 308–09.

The Athens County Defendants argue that Plaintiff's claim for malicious prosecution must fail because his arrests were supported by probable cause that he engaged in aggravated menacing and telecommunications harassment.[2] Plaintiff responds that there was no probable cause for his arrest because he claims he is a non-violent person with no car or firearm, facts which he claims the Athens County Defendants knew.

In this case, Plaintiff was charged and arrested for violations of Ohio Revised Code §§ 2903.21(A) and 2917.21.[3] R.C. § 2903.21(A) provides:

> (A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. In addition to any other basis for the other person's belief that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family, the other person's belief may be based on words or conduct of the offender that are directed

---

[2] A charge for Telecommunications Harassment was added against Plaintiff in August 2012 by Detective Brice Frick. (*Taylor Aff.*, Doc. 60-1, at ¶ 14).
[3] Defendants' brief mistakenly cites to § 2717.21 ("Proceedings to change name of person"). The Court presumes the parties intended to cite to § 2917.21 ("Telecommunications harassment").

at or identify a corporation, association, or other organization that employs the
other person or to which the other person belongs.

Ohio Rev. Code Ann. § 2903.21.  R.C. § 2917.21 provides:

> No person shall knowingly make or cause to be made a telecommunication, or
> knowingly permit a telecommunication to be made from a telecommunications
> device under the person's control, to another, if the caller does any of the
> following: … [d]uring the telecommunication, violates section 2903.21 of the
> Revised Code.

Ohio Rev. Code Ann. § 2917.21.

Probable cause exists when "'the facts and circumstances known to the officer warrant a
prudent man in believing that an offense has been committed.'"  *Miller v. Sanilac Cnty.,* 606
F.3d 240, 248 (6th Cir. 2010) (quoting *Henry v. United States,* 361 U.S. 98, 102, 80 S.Ct. 168, 4
L.Ed.2d 134 (1959)).  To determine whether an officer had probable cause courts consider the
totality of the circumstances.  *See Sykes*, 625 F.3d at 306 (*citing Hinchman v. Moore*, 312 F.3d
198, 204 (6th Cir. 2002)).  Nonetheless, an arrest supported by probable cause is improper if the
police officer "knowingly and deliberately, or with a reckless disregard for the truth, made false
statements or omissions that create[d] a falsehood and such statements or omissions [we]re
material, or necessary, to the finding of probable cause."  *Sykes*, 625 F.3d at 305 (internal
quotation marks and citations omitted); *see also Ghaith v. Rauschenberger,* 493 F. App'x 731,
736 (6th Cir. 2012); *Hinchman*, 312 F.3d at 205–06 ("Falsifying facts to establish probable cause
to arrest and prosecute an innocent person is of course patently unconstitutional....").

In this case, the event leading to Plaintiff's June 17, 2011 arrest was that members of
ACSO, including Detective Taylor, heard Plaintiff's call in to a radio show and make comments
suggesting bodily harm to Sheriff Kelly.  Specifically, Detective Taylor maintains that he heard
Plaintiff say, "Sheriff Kelly…lost his privilege to be alive.  He needs capital punishment.  I am
going to take him down," and "Adolf Kelly, you are going down."  (*Taylor Aff.*, Doc. 60-1 at ¶

5).  Detective Taylor is the officer who ultimately drafted and filed the charging documents and who requested the arrest warrant.  In his affidavit, Detective Taylor avers that he reasonably believed the comments threatened bodily harm to the Sheriff, in violation of § 2903.21(A).  (*Id.* at ¶¶ 8-10).

Similarly, with respect to Plaintiff's July 29, 2011 arrest, Detective Taylor asserts that he was provided with information that Plaintiff called into the same radio show, but this time, made remarks to radio host Sharon Elliott that were perceived as threatening – specifically, that Plaintiff hoped Ms. Elliott would be robbed and killed and that she would deserve it.  (*Id.* at ¶ 15).  Detective Taylor avers that he spoke directly to Ms. Elliott regarding the comments Plaintiff made during her radio show.  (*Id.* at ¶ 16).  Detective Taylor maintains that it was on these bases that he again believed Plaintiff violated § 2903.21(A).  (*Id.* at ¶ 17).

Based on the evidence put before this Court, it is apparent that Plaintiff's comments in both June and July 2011 refer to imposing serious physical harm on others that a reasonable person could believe violate Ohio law.  Again here, Plaintiff has not come forward with any facts or evidence opposing the evidence put forward by the Athens County Defendants or demonstrating that the Athens County Defendants knowingly, deliberately, or recklessly made false statements that were material or necessary to the probable cause finding.  *See Sykes*, 625 F.3d at 305.  Instead, Plaintiff merely continues to make conclusory assertions that he was only arrested and charged with Aggravated Menacing as retaliation for his outspoken criticism of the Athens County Sheriff, and that he is a non-violent person who does not own a car or a gun.

The Court cannot say that, without more, Plaintiff's assertions alone are sufficient to show that there was no probable cause for his arrest and the subsequent charges against him.  If Plaintiff cannot prove a lack of probable cause, he cannot make out a claim for malicious

24

prosecution.  *See id.* at 308-09.  Accordingly, this Court cannot find that Plaintiff has

demonstrated the existence of a genuine issue of material fact on this claim sufficient to surpass

summary judgment.  *Cf.*, *e.g.*, *Underwood v. Wasko*, No. 2:11-CV-171, 2012 WL 4087411, at

*8-10 (S.D. Ohio Sept. 17, 2012) ("A jury could determine that [Officer] Wasko's account of the

facts in the criminal complaint, given their contradictory nature to the facts in the affidavits

presented by [Plaintiff] Underwood, stated 'deliberate falsehood or showed reckless disregard for

the truth,' and that the allegedly false or omitted information was material to the finding of

probable cause. Consequently, Defendants have failed to meet their burden of establishing that

there is no genuine issue of material fact with respect to Underwood's malicious prosecution

claim.") (internal citations omitted).

Thus, Plaintiff's claim for malicious prosecution must be dismissed.[4]

## D.  John and Jane Does 1-12

After a review of the present record, the Court also finds that Plaintiff fails to state a

claim against John and Jane Does 1-12.[5]  To date, Plaintiff has not indicated the identity of these

persons, nor has he specified their involvement in the violation of his constitutional rights.  In

*Gilmore v. Corrections Corp. of America*, the Sixth Circuit affirmed the dismissal of the

plaintiff's complaint where plaintiff named 22 defendants in the caption of the complaint, but

failed to indicate how the defendants violated his constitutional rights.  92 Fed. App'x 188 (6th

Cir. 2004).  The Court of Appeals stated:

---

[4] The Athens County Defendants make several alternative arguments in their request for summary judgment.  In addition to the foregoing, they also argue: (1) the Athens County Defendants are entitled to qualified immunity as to the individual claims against them; (2) under *Monell*, there is no policy, custom, or practice to support Plaintiff's claim against Sheriff Kelly in his official capacity; and (3) Athens County is not *sui juris*.  (Doc. 60 at 1).  Because the Court finds that Plaintiff's claims for false arrest and malicious prosecution cannot surpass summary judgment on other grounds, the Court need not address the Athens County Defendants' alternative arguments.
[5] Under 28 U.S.C. § 1915, the Court must dismiss the claims of a plaintiff proceeding *in forma pauperis* "at any time" if the Court determines that the plaintiff fails to state a claim.  28 U.S.C. § 1915(e).

A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)

*Gilmore*, 92 Fed. App'x at 190.  In this case, Plaintiff fails to state a facially plausible claim

against John and Jane Does 1-12.  Accordingly, those claims must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendants Margaret Sterling and Tri-County Mental Health and Counseling's Motion for Summary Judgment is **GRANTED** (Doc. 58); Defendants Reddy Vaka and Jane Krason's Motion for Judgment on the Pleadings, Immunity, and Summary Judgment is **GRANTED** (Doc. 59); Defendants Athens County Sheriff Pat Kelly, Bruce Frick, Jack E. Taylor, Brian Cooper, Rodney Smith, and Athens County, Ohio's Motion for Summary Judgment is **GRANTED** (Doc. 60); and, Plaintiff's claims against Does 1-12 are hereby **DISMISSED**.  The Clerk of Courts is **DIRECTED** to enter judgment in favor of the Defendants. This action is hereby **DISMISSED**.

IT IS SO ORDERED.

                     __s/ Algenon L. Marbley__
                     **ALGENON L. MARBLEY**
                     **UNITED STATES DISTRICT JUDGE**

**DATED:  March 26, 2015**